## COUNT I

### Breach of Contract – Against the Former Employee Defendants

65. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-64 of this Verified Complaint as if fully set forth herein.

66. The non-solicitation agreements are valid, narrowly tailored agreements between USF and the Former Employee Defendants. The agreements prohibit the Former Employee Defendants for a period of one year after termination of their employment with USF from contacting, soliciting or selling to any of the customers they had contact with during the eighteen months preceding their resignations from USF and from using and disclosing USF's confidential information. The agreements leave the employees free to contact, solicit, and sell to all other foodservice customers in the Massachusetts market or elsewhere.

67. The covenants in USF's non-solicitation agreements are justified because USF possesses legitimate business interests, including valuable confidential business information, substantial customer relationships, and customer goodwill.

68. By directly and indirectly contacting, soliciting and selling to USF customers with which they had significant contact at USF and using and disclosing USF's confidential information, the Former Employee Defendants have breached their agreements with USF.

69. Defendants Tsebetzis and Gross have also breached their agreements by recruiting or helping to recruit USF employees to work for Agar.

-21-

70.     In addition, by disclosing confidential information to each other and to Agar and failing to return all confidential information to USF upon the conclusion of their employment, the Former Employee Defendants have breached the confidentiality provisions of their agreements.

71.     The conduct of the Former Employee Defendants has caused and will continue to cause, unless enjoined, substantial, immediate and irreparable injury to USF in an amount that cannot presently be determined and/or cannot be fully quantified.

72.     USF has no adequate remedy at law to redress each Former Employee Defendants' ongoing breach of obligations to USF under their agreements. Defendants' actions are inflicting long-term injury on USF's customer goodwill and threaten to destroy the value of certain of USF's confidential information. USF has no adequate remedy at law.

## COUNT II

### Tortious Interference with Contractual Relations – Against Agar and Posin

73.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-72 of this Verified Complaint as if fully set forth herein.

74.     Agar knew at the time that it hired the Former Employee Defendants, or has since become aware, that they were bound by agreements that contained non-solicitation and confidentiality obligations.

75. Posin, a former USF Executive, knows that Tsebetzis, O'Hara and Gross are currently bound by agreements with USF that contain non-solicitation and confidentiality obligations.

76. Nevertheless, Agar and Posin knowingly, intentionally and maliciously induced Tsebetzis, O'Hara and Gross to breach their non-solicitation and confidentiality agreements and/or knowingly accepted the benefits of their breaches, including customer orders and confidential information. Further, despite repeated requests by USF, Agar has failed and refused to stop Tsebetzis, Posin, O'Hara and Gross from engaging in such violations.

77. By inducing Tsebetzis, O'Hara and Gross and other former USF employees bound by non-solicitation and confidentiality agreements to breach their agreements and to use confidential USF information to divert business from USF customers to Agar, and by accepting the benefits resulting therefrom, Agar and Posin have tortiously interfered with USF's business relationships intentionally, maliciously and without legal justification, and said interference was done with improper purpose or means.

78. By inducing Tsebetzis and Gross to breach their contractual obligation not to solicit USF employees for employment and by accepting confidential USF information, Agar and Posin have tortiously interfered with USF's employment relationships intentionally, maliciously and without legal justification, and said interference was done with improper purpose or means.

-23-

79. Agar's and Posin's conduct has caused and will continue to cause, unless enjoined, substantial, immediate and irreparable injury to USF, including but not limited to the actual and potential loss of customer accounts, long-term customer goodwill and confidential information, the diversion of USF's efforts from other customers to salvage these accounts from its own former employees, and the actual and potential loss of employees.

80. USF has no adequate remedy at law to redress this ongoing tortious interference with its contractual and business relationships.

## COUNT III

### Violation of Mass. Gen. Laws c. 93A – Against Agar and Posin

81. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-80 of this Verified Complaint as if fully set forth herein.

82. USF is a "person" and engages in "trade or commerce" within the meaning of Mass. Gen. Laws c. 93A, §1.

83. Agar is a "person" and engages in "trade or commerce" within the meaning of Mass. Gen. Laws c. 93A, §1.

84. Posin is a "person" and engages in "trade or commerce" within the meaning of Mass. Gen. Laws c. 93A, §1.

NY55/330704.4

85. Agar's and Posin's practices as set forth above constitute willful and knowing violations of Mass. Gen. Laws c. 93A.

86. As a direct result thereof, USF will suffer substantial, immediate and irreparable harm and damages unless Agar and Posin are enjoined from their unlawful activity.

WHEREFORE, USF requests judgment in its favor and against Defendants and further prays specifically for this Court:

(1) to enter an injunction

(a) enjoining, restraining and prohibiting Defendants, their officers, agents, servants, employees and those persons in active concert or participation with Defendants, from using, disclosing and/or providing to others any Confidential Information of USF or inducing others to use or disclose Confidential Information of USF and directing them to return to USF all Confidential Information of USF in any medium;

(b) restraining and prohibiting Tsebetzis, O'Hara and Gross for one year from contacting, soliciting, attempting to gain the business of or selling to any USF customers he had served or had contact with for USF during the eighteen months before his resignation, and from assisting others in doing so;

(c) restraining and prohibiting Posin for one year from the date of this Court's order from contacting, soliciting, attempting to gain the business of or

selling to any USF customers he had served or had contact with for USF during the eighteen months before his resignation, and from assisting others in doing so;

    (d) restraining and prohibiting Agar for one year from soliciting or serving customers the Former Employee Defendants are not permitted to solicit or serve if any of the Former Employee Defendants have, prior to the date of the injunction, participated, directly or indirectly, in soliciting those customers or diverting their business to Agar or have communicated confidential information about those customers to Agar employees;

    (e) restraining and prohibiting Defendants from making any false or misleading statements about USF or its employees;

    (f) enjoining, restraining and prohibiting the Former Employee Defendants for one year from soliciting or attempting or participating in any attempt by Agar to solicit or hire any USF personnel and from switching accounts they are prohibited from contacting with other Agar personnel through the use or disclosure of USF confidential information and through making or assisting in making introductions or by using similar improper means to divert accounts they are not permitted to contact; and

    (g) enjoining, restraining and prohibiting Agar and Posin from interfering with Defendants Tsebetzis', O'Hara's and Gross' agreements or accepting the benefit of any breaches thereof;

(2) to order the return of all USF's confidential information in any media, and all copies thereof in Defendants' collective or individual possession, custody or control;

(3) to order Agar not to assign former USF employees to duties that would violate the Former Employee Defendants' contractual and legal obligations to USF;

(4) to order Agar to make an accounting reflecting all sales made directly to any of USF's customers as a result of the aforementioned acts of the Former Employee Defendants;

(5) to award USF compensatory damages, including USF's lost profits resulting from all Defendants' acts of breach of contract, unfair competition and tortious interference with contractual relations;

(6) to award USF and require Defendants to disgorge profits realized from the improperly solicited USF customers;

(7) to award damages pursuant to Count III be doubled and/or trebled pursuant to Mass. Gen. Laws c. 93A, § 11;

(8) to award Plaintiff its reasonable attorneys fees; and

(9) to order such other, further, and additional relief as the Court deems just and proper.

Dated: December 24, 2003

                          U.S. FOODSERVICE, INC.

                          By its attorneys,

                          */s/ Alana Prills*
                          Laurence H. Reece, III
                          BBO# 414460
                          Alana A. Prills
                          BBO# 652881
                          REECE & ASSOCIATES, P.C.
                          One Bowdoin Square
                          Boston, Massachusetts 02114
                          (617) 747-7550

OF COUNSEL:

Victoria A. Cundiff
Rebecca Kelder Myers
Danielle M. White
PAUL HASTINGS JANOFSKY & WALKER LLP
75 E. 55th Street
New York, New York 10022
(212) 318-6000

-28-

NY55/330704.4

## VERIFICATION

I, David Bailey, solemnly affirm under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge, information, and belief.

Date: 12/23/03

David Bailey

-29-

NY55/330704.4