UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| |
|---|
| U.S. FOODSERVICE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARTHUR TSEBETZIS, STEVEN POSIN, JOHN J. O'HARA, JEFFREY E. GROSS, and AGAR SUPPLY, INC., <br><br> Defendants. |

Civil Action No. 03-12603-RCL

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff U.S. Foodservice, Inc. ("USF") respectfully moves this Court to enter a preliminary injunction against Defendants Arthur Tsebetzis, Steven Posin, John J. O'Hara, and Jeffrey E. Gross (collectively the "Former Employee Defendants") and Agar Supply, Inc. ("Agar") in the form attached hereto as Exhibit A. In support of this motion, Plaintiff states as follows:

1.      USF is in the business of assisting its customers to obtain the combinations of food products they need (both by variety and brand) at a competitive price on a timely delivery schedule. To maintain a competitive advantage in a highly competitive industry, USF has developed business relationships with particular customers, such as restaurants, schools, offices, and hospitals, and has developed confidential information and strategies to service their needs. *See* Affidavit of David Bailey ("Bailey Aff."), attached as Exhibit B, ¶¶ 6-8.

-2-

2.All of the Former Employee Defendants were intimately involved with and knowledgeable about customer relationships, customer goodwill, confidential, valuable and competitively sensitive information that they used and developed to solicit and service customers while employed by USF. *See* Verified Compl. ¶¶ 13, 17; Bailey Aff., Ex. B, ¶¶ 9-11.

3.The Former Employee Defendants voluntarily resigned their employment with USF, and thereafter commenced employment with Agar -- one of USF's direct competitors. *See* Bailey Aff., Ex. B, ¶ 2.

4.At all relevant times, Defendants Tsebetzis, O'Hara, and Gross were subject to non-disclosure and non-solicitation agreements prohibiting them from disclosing or using any of USF's confidential information or soliciting their former USF customers and USF employees. Bailey Aff., Ex. B, ¶¶ 19-24.

5.The Former Employee Defendants have breached and continue to breach their non-solicitation and non-disclosure agreements with USF by soliciting and serving the customers they had served while employed by USF to divert this business to Agar even though their contracts say that they will not solicit or serve the customers, or divert business, or assist other to do so. *See* Bailey Aff., Ex. B, ¶¶ 28-38; *see also* Affidavit of Michael Contarino, attached as Exhibit C; Declaration of Jeff Schaefer, attached as Exhibit D; Declaration of Debra Zielinski, attached as Exhibit E; and Declaration of Reed Newton, attached as Exhibit F.

6.At all relevant times, Defendants Agar and Posin knowingly, intentionally and maliciously induced Tsebetzis, O'Hara and Gross to breach their non-solicitation and

non-disclosure agreements and/or knowingly accepted the benefits of their breaches, including customer orders and confidential information. *See* Verified Compl. ¶¶ 74-80.

7.  The Former Employee Defendants have recently increased their efforts to divert the customers they had served for USF to Agar. Corporate Chef, a long-standing USF customer, announced its intent to terminate services with USF, apparently to switch to Agar. In addition, USF has reason to believe that Kelly's Roast Beef, a long-time USF customer, is about to terminate its relationship with USF on or about February 1, 2004, as a result of the Former Employee Defendant's improper solicitation and use of USF confidential information. *See* Bailey Aff., Ex. B, ¶ 3; Contarino Aff., Ex. C.

8.  Injunctive relief is essential for USF to protect the customer relationships, customer goodwill, confidential, valuable and competitively sensitive information that are the lifeblood of USF's business.

9.  In further support of this motion, USF relies upon the Verified Complaint it has filed in this action and the Affidavits and Declarations of David Bailey, Michael Contarino, Jeff Schaefer, Debra Zielinski, and Reed Newton. *See* Exs. B – F, respectively.

WHEREFORE, USF respectfully requests that this Court grant Plaintiff's Motion for Preliminary Injunction and enter an injunction, pending a decision after trial,

(1)  enjoining, restraining and prohibiting Defendants, their officers, agents, servants, employees and those persons in direct or indirect concert or participation with Defendants, from using, disclosing and/or providing to others any Confidential

Information of USF or inducing others to use or disclose Confidential Information of USF;

(2)     enjoining, restraining and prohibiting Tsebetzis, O'Hara and Gross from directly or indirectly contacting, soliciting, attempting to gain the business of or selling to any USF customers he had served or had contact with for USF during the eighteen months before their respective resignations, and from assisting others in doing so;

(3)     enjoining, restraining and prohibiting Posin from directly or indirectly contacting, soliciting, attempting to gain the business of or selling to any USF customers he had served or had contact with for USF during the eighteen months before his resignation, and from assisting others in doing so;

(4)     enjoining, restraining and prohibiting Agar from directly or indirectly contacting, soliciting or serving customers the Former Employee Defendants are not permitted to solicit or serve if any of the Former Employee Defendants have, prior to the date of this Court's order, participated, directly or indirectly, in soliciting those customers or diverting their business to Agar or have communicated confidential information about those customers to Agar employees;

(5)     enjoining, restraining and prohibiting Defendants from making any false or misleading statements about USF or its employees;

(6) enjoining, restraining and prohibiting the Former Employee Defendants order from directly or indirectly contacting, soliciting or attempting or participating in any attempt by Agar to solicit or hire any USF personnel;

(7) enjoining, restraining and prohibiting the Former Employee Defendants from switching accounts that they are prohibited from contacting with other Agar personnel through, directly or indirectly, the use or disclosure of USF confidential information, making or assisting in making introductions, or similar improper means to divert accounts that the individual Former Employee Defendants are not permitted to contact;

(8) enjoining, restraining and prohibiting Agar and Posin from interfering with Defendants Tsebetzis', O'Hara's and Gross' agreements or accepting the benefit of any breaches thereof;

(9) ordering the return of all USF's confidential information in any media, including but not limited to copies, excerpts or summaries thereof in Defendants' collective or individual possession, custody or control;

(10) ordering Agar not to assign former USF employees now or hereafter employed by Agar to duties that would violate such former USF employees' (including but not limited to the Former Employee Defendants') contractual and legal obligations to USF; and

-6-

(11)    ordering Agar to make an accounting reflecting all sales made directly to any of USF's customers as a result of the aforementioned acts of the Former Employee Defendants.

## Rule 7.1 Certificate

Because this action was recently filed by plaintiff, no attorney has yet appeared for defendants and therefore the undersigned counsel for plaintiff has not consulted with counsel for defendants regarding this motion. However, the undersigned counsel for plaintiff did speak with an employee of Bartlett Hackett Feinberg P.C., the law firm

which has previously responded to U.S. Foodservice, Inc.'s correspondence relating to this dispute, to advise that U.S. Foodservice, Inc. is making this motion.

                U.S. FOODSERVICE, INC.

                By its attorneys,

                */s/ Alana Prills*

                Laurence H. Reece, III
                BBO# 414460
                Alana A. Prills
                BBO# 652881
                REECE & ASSOCIATES, P.C.
                One Bowdoin Square
                Boston, Massachusetts 02114
                (617) 747-7550

OF COUNSEL:

Victoria A. Cundiff
Rebecca Kelder Myers
Danielle M. White
PAUL HASTINGS JANOFSKY & WALKER LLP
75 E. 55th Street
New York, New York 10022
(212) 318-6000

Dated: January 9, 2004

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of this document to be served by Fedex upon Arthur Tsebetzis, 66 Bridge Street, Medfield, Massachusetts 02052, Steven Posin, 162 Millville Street, Salem, New Hampshire 03079, John J. O'Hara, 18 Sunnybank Road, West Roxbury, Massachusetts 02132, Jeffrey E. Gross, 54 Outlook Road, Marshfield, Massachusetts 02050, and Agar Supply, Inc., Myles Standish Industrial Park, 225 John Hancock Road, Taunton, Massachusetts 02780, and by U.S. mail, postage prepaid, upon Victoria A. Cundiff, Esquire, Paul, Hastings, Janofsky & Walker LLP, 75 East 55th Street, New York, New York 10022, on this 9 day of January 2004.

                                                                  *Alana Prills*
                                                                  Alana A. Prills