UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

2004 JAN 26  P 1: 23

DISTRICT COURT
DISTRICT OF MASS.

U.S. FOODSERVICE, INC.,                )
    Plaintiff,                          )
                                        )
                                        )
v.                                     )    **CIVIL ACTION No. 03-12503-RCL**
                                        )
ARTHUR TSEBETZIS, et al.,              )
    Defendants                          )
                                        )
                                        )

## ANSWER OF DEFENDANT AGAR SUPPLY CO., INC.

### Introduction

The Plaintiff U.S. Foodservice, Inc. ("USF") is alleging a conspiracy on the part of the

individual Defendants in conjunction with their new employer, Defendant Agar Supply, Inc.

("Agar") to violate provisions of the Non-Solicitation and Non-Disclosure Agreements they

executed while still employed by USF. The evidence in this case will show that any loss of

employees and customers by USF is the result of the public disclosure of massive accounting

irregularities (amounting to nearly a billion dollars in overstated revenues), intentional

underpayments to vendors and overcharging of customers by USF. These transgressions by USF

caused a mass exodus of personnel and customers who came to distrust USF, its pricing, product

quality and stability.

The evidence will also show that as an inducement to and in consideration for its

employees signing Non-Solicitation and Non-Disclosure Agreements, USF offered its executives

what it represented to be a substantially valuable stock option grant. Within days or weeks of

that grant, the value of the stock option became worthless because the price of that stock in Royal

1

Ahold, N.V. (USF's parent company) collapsed following the disclosure of the above described fraud. USF also promised bonuses and other benefits to its executives and sales personnel that were never paid in consideration for its employees signing Non-Solicitation and Non-Disclosure Agreements. Upon information and belief, USF and its senior officers knew or should have known of the accounting and billing irregularities when it granted the stock options and bonuses within days or weeks of the scandal becoming public knowledge. As a result, the Non-Solicitation and Non-Disclosure Agreements are void for fraud in the inducement and want of consideration.

Finally, the evidence will show that the individual defendants and Agar have scrupulously honored the terms of the Non-Solicitation and Non-Disclosure Agreements in effect and that the violations alleged in the Verified Complaint are devoid of any factual foundation. Upon information and belief, USF was fully aware that its allegations of wrongdoing by Defendants are baseless and that many of its allegations are false, but USF chose to bring this action and seek a preliminary injunction solely to intimidate its former and remaining employees and to obtain a competitive advantage over Agar.

### Answers to the Specific Allegations of the Verified Complaint

1.     Agar denies the allegations of this paragraph of the Verified Complaint.

2.     To the extent allegations of law are made, no answer to this paragraph of the Verified Complaint is required. To the extent factual allegations are made as to injury or harm, the same are denied.

3.     To the extent allegations of law are made, no answer to this paragraph of the Verified Complaint is required. To the extent factual allegations are made as to injury or harm,

the same are denied.

4.    Upon information and belief, Agar admits the allegations of this paragraph of the Verified Complaint.

5.    Agar admits the allegations of the first sentence of this paragraph of the Verified Complaint. Agar admits that Tsebetzis resigned from USF on April 11, 2003 and thereafter obtained employment at Agar. Agar denies that Tsebetzis "resigned to work for Agar." Agar lacks information sufficient to admit or deny the remaining allegations of this paragraph of the Verified Complaint and calls upon USF to prove the same.

6.    Agar admits the allegations of the first sentence of this paragraph of the Verified Complaint. Agar admits that Posin resigned from USF. Agar denies that Posin resigned on July 15, 2002 and states that Posin resigned on July 13, 2002. Agar lacks information sufficient to admit or deny the remaining allegations of this paragraph of the Verified Complaint and calls upon USF to prove the same.

7.    Agar admits the allegations of the first sentence of this paragraph of the Verified Complaint. Agar admits that O'Hara resigned from USF and thereafter obtained employment at Agar. Agar denies that O'Hara resigned on May 24, 2003 and states that O'Hara resigned on May 23, 2003. Agar denies that O'Hara "resigned to work for Agar." Agar lacks information sufficient to admit or deny the remaining allegations of this paragraph of the Verified Complaint and calls upon USF to prove the same.

8.    Agar admits the allegations of the first sentence of this paragraph of the Verified Complaint. Agar admits that Gross resigned from USF on September 5, 2003 and thereafter obtained employment at Agar. Agar denies that Gross "resigned to work for Agar." Agar lacks

3

information sufficient to admit or deny the remaining allegations of this paragraph of the Verified Complaint and calls upon USF to prove the same.

9.    Agar admits the allegations of this paragraph of the Verified Complaint.

10.    Agar lacks sufficient knowledge and information to admit or deny the allegations of this paragraph of the Verified Complaint and calls upon USF to prove the same.

11.    Agar lacks sufficient knowledge and information to admit or deny the allegations of this paragraph of the Verified Complaint and calls upon USF to prove the same.

12.    Agar lacks sufficient knowledge and information to admit or deny the allegations of this paragraph of the Verified Complaint and calls upon USF to prove the same.

13.    Agar admits the allegations of this paragraph of the Verified Complaint to the extent they relate to Defendant O'Hara's and Gross' titles. Agar denies that either "resigned to work for Agar." Agar lacks sufficient knowledge and information to admit or deny the remaining allegations of this paragraph of the Verified Complaint and calls upon USF to prove the same.

14.    Agar lacks sufficient knowledge and information to admit or deny the allegations of this paragraph of the Verified Complaint and calls upon USF to prove the same.

15.    Agar lacks sufficient knowledge and information to admit or deny the allegations of this paragraph of the Verified Complaint and calls upon USF to prove the same.

16.    Agar lacks sufficient knowledge and information to admit or deny the allegations of this paragraph of the Verified Complaint and calls upon USF to prove the same.

17.    Agar admits the allegations of this paragraph of the Verified Complaint.

18.    Agar lacks sufficient knowledge and information to admit or deny the allegations of this paragraph of the Verified Complaint and calls upon USF to prove the same.

4

19.    Agar lacks sufficient knowledge and information to admit or deny the allegations of this paragraph of the Verified Complaint and calls upon USF to prove the same.

20.    Agar lacks sufficient knowledge and information to admit or deny the allegations of this paragraph of the Verified Complaint and calls upon USF to prove the same.

21.    Agar lacks sufficient knowledge and information to admit or deny the allegations of this paragraph of the Verified Complaint and calls upon USF to prove the same.

22.    Agar lacks sufficient knowledge and information to admit or deny the allegations of this paragraph of the Verified Complaint and calls upon USF to prove the same.

23.    Agar lacks sufficient knowledge and information to admit or deny the allegations of this paragraph of the Verified Complaint and calls upon USF to prove the same.

24.    Agar lacks sufficient knowledge and information to admit or deny the allegations of this paragraph of the Verified Complaint and calls upon USF to prove the same. To the extent there are implied in this paragraph suggestions that while employed by Agar the individual Defendants competed with USF and traded on USF goodwill on behalf of Agar, such suggestions are denied. Further answering Agar states that the highly publicized accounting imbroglios and customer overcharges by USF destroyed any goodwill or other positive reputation USF may have enjoyed in the marketplace.

25.    Agar lacks sufficient knowledge and information to admit or deny the allegations of this paragraph of the Verified Complaint and calls upon USF to prove the same.

26.    Agar lacks sufficient knowledge and information to admit or deny the allegations of this paragraph of the Verified Complaint and calls upon USF to prove the same.

27.    Agar admits that the individual Defendants entered into Non-Solicitation and

5

Non-Disclosure Agreements with USF. Further answering, Agar states that it is informed and therefore believes that the agreements annexed to the Verified Complaint were induced by fraud and misrepresentation and are void for want of consideration.

28.     Since the Agreements are written documents, which speak for themselves, no answer as to their contents is required. Agar denies all other factual allegations of this paragraph of the Verified Complaint.

29.     Since the Agreements are written documents, which speak for themselves, no answer as to their contents is required. Agar denies all other factual allegations of this paragraph of the Verified Complaint.

30.     Since the Agreements are written documents, which speak for themselves, no answer as to their contents is required. Agar denies all other factual allegations of this paragraph of the Verified Complaint.

31.     Agar admits that Posin's Agreement expired. Agar denies the remaining allegations of this paragraph.

32.     Since the Agreements are written documents, which speak for themselves, no answer as to their contents is required. Agar denies all other factual allegations of this paragraph of the Verified Complaint.

33.     Since the Agreements are written documents, which speak for themselves, no answer as to their contents is required. Agar denies all other factual allegations of this paragraph of the Verified Complaint.

34.     Agar lacks sufficient knowledge and information to admit or deny the allegations of this paragraph of the Verified Complaint and calls upon USF to prove the same.

6

35.     Agar lacks sufficient knowledge and information to admit or deny the allegations of this paragraph of the Verified Complaint and calls upon USF to prove the same.

36.     Agar denies the allegations of this paragraph of the Verified Complaint.

37.     Agar denies the allegations of this paragraph of the Verified Complaint.

38.     Agar admits that Tsebetzis, Posin and O'Hara became employed by Agar in May 2003. Agar denies the remaining allegations of this paragraph of the Verified Complaint.

39.     Agar denies the allegations of this paragraph of the Verified Complaint.

40.     Agar denies the allegations of the first and fourth sentences of this paragraph of the Verified Complaint. Agar lacks sufficient knowledge and information to admit or deny the allegations of the second and third sentences of this paragraph of the Verified Complaint and calls upon USF to prove the same.

41.     Agar denies the allegations of this paragraph of the Verified Complaint, but admits that O'Hara became employed by Agar on May 27, 2003.

42.     Agar denies the allegations of this paragraph of the Verified Complaint.

43.     Agar denies the allegations of the first, second and fourth sentences of this paragraph of the Verified Complaint. Agar lacks sufficient knowledge and information to admit or deny the allegations of the third sentence of this paragraph of the Verified Complaint and calls upon USF to prove the same.

44.     Agar denies the allegations of the first and fourth sentences of this paragraph of the Verified Complaint. Agar lacks sufficient knowledge and information to admit or deny the allegations of the second and third sentences of this paragraph of the Verified Complaint and calls upon USF to prove the same.

45.     Agar denies the allegations of the first, second, fourth and fifth sentences of this paragraph of the Verified Complaint. Agar lacks sufficient knowledge and information to admit or deny the allegations of the third sentence of this paragraph of the Verified Complaint and calls upon USF to prove the same.

46.     Agar denies the allegations of the first sentence of this paragraph of the Verified Complaint. Agar lacks sufficient knowledge and information to admit or deny the allegations of the second sentence of this paragraph of the Verified Complaint and calls upon USF to prove the same.

47.     Agar admits that O'Hara had contact with Hanscom Air Force Base and Bella Luna while employed by Agar, but denies the remaining allegations of this paragraph of the Verified Complaint.

48.     Agar denies the allegations of this paragraph of the Verified Complaint.

49.     Agar denies the allegations of this paragraph of the Verified Complaint.

50.     Agar admits receipt of the letter from USF dated June 12, 2003 which is attached to the Verified Complaint. Since said letter is a written document which speaks for itself, no answer as to its contents is required. Further answering, Agar states that it responded appropriately to said letter and others from USF, although USF failed to attach its other letters and chose not to attach Agar's responses. Said responses contained assurances that the former USF employees' agreements were being respected. Agar neither sought, nor countenanced, conduct by the individual Defendants which violated the terms of their respective agreements with USF.

51.     Agar denies the allegations of this paragraph of the Verified Complaint.

8

52.    Agar denies the allegations of this paragraph of the Verified Complaint.

53.    Agar denies the allegations of this paragraph of the Verified Complaint.

54.    Agar denies the allegations of this paragraph of the Verified Complaint.

55.    Agar denies the allegations of this paragraph of the Verified Complaint.

56.    Agar denies the allegations of the first and third sentences of this paragraph of the Verified Complaint, but admits it was aware the individual Defendants had entered into Non-Solicitation and Non-Disclosure Agreements and it did receive the letter from USF dated June 12, 2003 which is attached to the Verified Complaint. Agar lacks sufficient knowledge and information to admit or deny the allegations of the second sentence of this paragraph of the Verified Complaint and calls upon USF to prove the same.

57.    Agar denies the allegations of this paragraph of the Verified Complaint.

58.    Agar denies the allegations of this paragraph of the Verified Complaint.

59.    Agar denies the allegations of this paragraph of the Verified Complaint.

60.    Agar admits it employs the three individuals named, but denies the remaining allegations of this paragraph of the Verified Complaint.

61.    Agar denies the allegations of this paragraph of the Verified Complaint.

62.    Agar denies the allegations of this paragraph of the Verified Complaint.

63.    Agar denies the allegations of this paragraph of the Verified Complaint.

64.    Agar denies the allegations of this paragraph of the Verified Complaint.

**COUNT I**

65.    Agar repeats and realleges its answers to the previous paragraphs of the Verified Complaint.

9

66.     To the extent this paragraph states conclusions of law, no answer thereto is required. To the extent factual allegations are made as to the contents of the agreements, the same are written documents as to which no answer is required. All remaining factual allegations of this paragraph of the Verified Complaint are denied.

67.     To the extent this paragraph states conclusions of law, no answer thereto is required. All remaining factual allegations of this paragraph of the Verified Complaint are denied.

68.     Agar denies the allegations of this paragraph of the Verified Complaint.

69.     Agar denies the allegations of this paragraph of the Verified Complaint.

70.     Agar denies the allegations of this paragraph of the Verified Complaint.

71.     Agar denies the allegations of this paragraph of the Verified Complaint.

72.     Agar denies the allegations of this paragraph of the Verified Complaint.

**COUNT II**

73.     Agar repeats and realleges its answers to the previous paragraphs of the Verified Complaint.

74.     Agar denies the allegations of this paragraph of the Verified Complaint.

75.     Agar denies the allegations of this paragraph of the Verified Complaint.

76.     Agar denies the allegations of this paragraph of the Verified Complaint.

77.     Agar denies the allegations of this paragraph of the Verified Complaint.

78.     Agar denies the allegations of this paragraph of the Verified Complaint.

79.     Agar denies the allegations of this paragraph of the Verified Complaint.

80.     Agar denies the allegations of this paragraph of the Verified Complaint.

## COUNT III

81. Agar repeats and realleges its answers to the previous paragraphs of the Verified Complaint.

82. To the extent this paragraph states conclusions of law, no answer thereto is required.

83. To the extent this paragraph states conclusions of law, no answer thereto is required.

84. To the extent this paragraph states conclusions of law, no answer thereto is required.

85. To the extent this paragraph states conclusions of law, no answer thereto is required.

86. Agar denies the allegations of this paragraph of the Verified Complaint.

### AFFIRMATIVE DEFENSES

1. The Verified Complaint should be dismissed for failure to state a claim upon which relief can be granted.

2. The Plaintiff's claims are barred by the doctrine of waiver and/or estoppel.

3. The Plaintiff's claims are barred by the doctrine of laches.

4. The Plaintiff's claims are barred by agreements between the parties.

5. The Plaintiff's claims are barred due to it's failure to mitigate damages.

6. The agreements the Plaintiff seeks to enforce are void for fraud in the inducement.

7. The agreements the Plaintiff seeks to enforce are void or voidable due to its intentional misrepresentations.

11

8.  The agreements the Plaintiff seeks to enforce are void or voidable due to its negligent misrepresentations.

9. The agreements the Plaintiff seeks to enforce are invalid and unenforceable for want of consideration.

10.  The agreements the Plaintiff seeks to enforce are invalid and unenforceable as they contain overly broad restrictions on their activities beyond any necessary to protect any legitimate interests of USF.

11.    The agreements the Plaintiff seeks to enforce are invalid and unenforceable as they contain overly broad restrictions on competition in violation of public policy.

12.    The restrictive covenants the Plaintiff seeks to enforce are unjustified because there is no legitimate confidential or proprietary information to be protected.

13.    The restrictive covenants the Plaintiff seeks to enforce are unjustified because there is no good will to be protected.

14.    The Plaintiff is not entitled to equitable relief because it lacks "clean hands" as a result of its fraudulent conduct as to the individual Defendants and others.

15.    The Plaintiff is not entitled to the injunctive relief sought because there is no substantial, immediate or irreparable harm.

16.    The Plaintiff is not entitled to the injunctive relief sought because there is adequate remedy at law to redress the injury claimed.

17.    The agreement the Plaintiff seeks to enforce against Defendant Steven Posin has expired and Plaintiff's claims regarding him are now moot.

18.  The Plaintiff's claims against the other individual Defendants and Agar will soon

12

become moot.

19. Agar responded reasonably to Plaintiff's written demand.

20. Any damages sustained by the Plaintiff, which Agar denies, were caused by the Plaintiff's own illegal, fraudulent, improper, or negligent conduct, or were otherwise caused by the Plaintiff itself.

21. Any shift of business from the Plaintiff to Agar was the result of lawful and effective competitive strategies and superior product, price and service by Agar.

WHEREFORE, the Defendant Agar Supply Co., Inc. requests that the Verified Complaint of the Plaintiff U.S. Foodservice, Inc. be dismissed with prejudice and costs.

AGAR SUPPLY, INC.
By its attorneys,

Susan Grandis Brander
BBO #206870
Richard E. Gentilli
BBO #189080
Thomas M. Looney
BBO #555040
Bartlett Hackett Feinberg P.C.
10 High Street, Suite 920
Boston, MA 02110
617/422-0200

Dated: January 23, 2004

13