## Bartlett Hackett Feinberg P.C.



10 High St. Suite 920
Boston, MA 02110
Tel:(617)422-0200
Fax:(617)422-0383

February 4, 2004

Civil Clerk's Office
United States District Court
for the District of Massachusetts
One Courthouse Way, Suite 2300
Boston, Massachusetts 02210

    RE:   U.S. Foodservice, Inc. v. Arthur Tsebetzis, et al.
            U.S. District Court, D. Mass., Civil Action No. 03-12603-RCL

Dear Sir or Madam:

    Enclosed you will find, for insertion in the above-captioned Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction, original signature page for inclusion in Exhibit C and original signature page for inclusion in Exhibit E.

    If you have any questions regarding this matter, please contact Attorney Susan Grandis Brander at the above-listed telephone number. Thank you.

                                        Sincerely,

                                        Carole Chighisola
                                        Legal Assistant to Susan Grandis Brander

CAC/c
Enclosures

## Final Observations

24. Any competitive advantages Agar has in the market place is the result of its own methods and pricings. Agar's costs reflect true costs, not inflated costs through sham "middlemen." It is scrupulously honest in its dealings with customers and vendors and has an impeccable reputation for quality and service. As customers flee from the scandal emanating from USF, they are drawn to Agar as an untainted alternative.

25. The loss of employees and customers by USF is the result of the devastating revelations about its practices. USF is currently in free fall as every week new allegations and lawsuits are brought against it. In fact, based upon its recent 20-F filing with the SEC, USF has admitted to a stampede by its employees and customers to leave. I think it is unfair and wrong for USF to try to stop that stampede by making false claims against USF's former employees and Agar. Moreover, I believe that because USF's predicament is entirely of its own making, if for any reason Agar were barred from responding to customer and employment inquiries, those companies and individuals would not remain with USF, but would simply go to another supplier or employer. Therefore, USF will lose that business anyway. Agar and its employees should not be deprived of that income.

Signed this 5 day of February, 2004 under the pains and penalties of perjury.

Arthur Tsebetzis

10

15. I work to support and provide for my family. The foodservice business is all I know. USF is seeking to exile me from the business, even though my nonsolicitation obligations (assuming they have any validity) expire in a few months. I have sought to comply with the Agreement. If I am deprived of earning my livelihood by selling product for Agar, my family and I will be irreparably harmed.

Signed this 3 day of February, 2004 under the pains and penalties of perjury.

*John J. O'Hara*