UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| U.S. FOODSERVICE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARTHUR TSEBETZIS, STEVEN POSIN, JOHN J. O'HARA, JEFFREY E. GROSS, and AGAR SUPPLY, INC., <br><br> Defendants. | Civil Action No. 03-12603-RCL |

**PLAINTIFF'S REPLY TO COUNTERCLAIMS OF
DEFENDANTS ARTHUR TSEBETZIS AND JOHN O'HARA**

Plaintiff U.S. Foodservice, Inc. ("**USF**"), by its undersigned counsel, replies to the counterclaims asserted by Defendants/Counterclaim Plaintiffs Arthur Tsebetzis ("**Tsebetzis**") and John O'Hara ("**O'Hara**") as follows, denying each and every averment except as expressly admitted below:

**INTRODUCTION**

Admits that Defendants/Counterclaim Plaintiffs Tsebetzis and O'Hara purport to assert a counterclaim against USF for an alleged breach of an oral contract and alleged violations of the Massachusetts Payment of Wages Statute. USF denies the remaining averments of the introductory paragraph.

**PARTIES AND VENUE**

1. Admits the allegations of paragraph 1.

2. Admits the allegations of paragraph 2.

3. Admits the allegations of paragraph 3.

4. Admits the allegations of paragraph 4.

## FACTUAL ALLEGATIONS

5. Admits the allegations of paragraph 5.

6. Admits the allegations of paragraph 6.

7. Denies the allegations of paragraph 7.

8. Denies the allegations of paragraph 8.

9. Denies the allegations of paragraph 9.

10. Admits that it was unlikely that anyone would receive a bonus for the 2002 year based on the original Divisional Bonus Plan for that year. USF denies the remaining averments of paragraph 10.

11. Admits that there was one or more conference calls to discuss a revised bonus. USF denies the remaining averments of paragraph 11.

12. Denies the allegations of paragraph 12.

13. Admits that the Boston-Everett Division met their target. USF denies the remaining averments of paragraph 13.

14. Denies the allegations of paragraph 14.

15. Denies the allegations of paragraph 15. By way of further answer, the revised bonus was not paid because all qualifications for payment of the revised bonus were not met.

16. Admits that USF has a "Points of Focus" program where a participant in the program earns points by selling certain products and may redeem points

for merchandise in accordance with the program rules. USF denies the remaining averments of paragraph 16.

17. Admits the allegations of paragraph 17.

18. Denies the allegations of paragraph 18.

19. Admits the allegations of paragraph 19. By way of further answer, by the terms of the Points of Focus Program Agreement, which O'Hara signed, a participant forfeits any points that were not redeemed upon resignation. Pursuant to the Agreement, O'Hara further forfeited the points by reason of his admitted breach of the non-solicitation agreement with USF.

20. USF denies knowledge and information sufficient to form a belief as to what O'Hara submitted to the Massachusetts Attorney General's Office. USF further notes that the right-to-sue letter O'Hara has attached to an affidavit in this case states that the letter does not make a judgment on the merits of his complaint.

## COUNT I

21. USF repeats and realleges its responses to paragraphs 1 through 20 of the Counterclaims of Defendants/Counterclaim Plaintiffs Tsebetzis and O'Hara as if set forth fully herein.

22. Denies the allegations of paragraph 22.

23. Denies the allegations of paragraph 23.

24. Denies the allegations of paragraph 24.

## COUNT II

25. USF repeats and realleges its responses to paragraphs 1 through 24 of the Counterclaims of Defendants/Counterclaim Plaintiffs Tsebetzis and O'Hara as if set forth fully herein.

26. Denies the allegations of paragraph 26.

27. Denies the allegations of paragraph 27.

28. Denies the allegations of paragraph 28.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants/Counterclaim Plaintiffs Tsebetzis' and O'Hara's Counterclaims fail to set forth a claim, in whole or in part, upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants/Counterclaim Plaintiffs Tsebetzis' and O'Hara's claims are barred in whole or in part by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

O'Hara has waived his claims, if any, against plaintiff by his own actions and conduct.

### FOURTH AFFIRMATIVE DEFENSE

O'Hara is estopped by his own actions or conduct from recovering against plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

Recovery by Tsebetzis and O'Hara, if any, must be reduced by the amounts owed by Tsebetzis and O'Hara to plaintiff.

WHEREFORE, USF respectfully requests that the Court enter judgment in its favor and against Defendants/Counterclaim Plaintiffs Tsebetzis and O'Hara, together with costs, disbursements, attorneys' fees, and any further relief deemed appropriate by this Court.

Dated: February 26, 2004

        U.S. FOODSERVICE, INC.

        By its attorneys,

        *Alana Prills*

        Laurence H. Reece, III
        BBO# 414460
        Alana A. Prills
        BBO# 652881
        REECE & ASSOCIATES, P.C.
        One Bowdoin Square
        Boston, Massachusetts 02114
        (617) 747-7550

OF COUNSEL:

Victoria A. Cundiff
Rebecca Kelder Myers
Danielle M. White
PAUL HASTINGS JANOFSKY & WALKER LLP
75 E. 55th Street
New York, New York 10022
(212) 318-6000

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of this document to be served by hand upon Jay Shepherd, Esquire, Shepherd Law Group, P.C., 99 Summer Street, Suite 910, Boston, Massachusetts 02110 and Susan Grandis Brander, Esquire, Bartlett Hackett Feinberg P.C., 10 High Street, Suite 920, Boston, Massachusetts 02110, and by U.S. mail, postage prepaid, upon Victoria A. Cundiff, Esquire, Paul, Hastings, Janofsky & Walker LLP, 75 East 55th Street, New York, New York 10022, on this 26 day of February 2004.

*Alana Prills*
Alana A. Prills