# REECE & ASSOCIATES, P.C.

ONE BOWDOIN SQUARE
BOSTON, MASSACHUSETTS 02114-2925

TELEPHONE (617) 747-7550
FACSIMILE (617) 747-7551
www.reece-law.com

Alana A. Prills
prills@reece-law.com

April 12, 2004

**BY MESSENGER**

Civil Clerk's Office
United States District Court
 for the District of Massachusetts
One Courthouse Way, Suite 2300
Boston, Massachusetts 02210

    Re:    U.S. Foodservice, Inc. v. Arthur Tsebetzis, et al.
              U.S. District Court, D. Mass., Civil Action No. 03-12603-RCL

Dear Sir or Madam:

    Enclosed for filing in the above-referenced matter, please find the original signed signature pages for the reply declarations of David Bailey, Tom McGettigan, Chris Daly, Michael Contarino and Steven Cifrino.

    The above-referenced reply declarations were filed with the Court on Thursday, February 19, 2004 with faxed signature pages (pages 10, 3, 2, 3 and 3, respectively) as Exhibits G through K to Plaintiff's Reply Memorandum in Support of Plaintiff's Motion for Preliminary Injunction, which was attached as Exhibit A to Plaintiff's Motion For Leave to File Reply Papers. Kindly substitute the enclosed original signature pages for the faxed pages.

    If you have any questions, please do not hesitate to contact me.

Civil Clerk's Office
April 12, 2004
Page 2

    Thank you for your kind assistance.

                                      Very truly yours,

                                      Alana A. Prills

Enclosures

cc:    Jay Shepherd, Esquire  (w/encs.)  (BY MESSENGER)
        Susan Grandis Brander, Esquire  (w/encs.)  (BY MESSENGER)
        Victoria A. Cundiff, Esquire  (w/encs.)  (BY REGULAR MAIL)

**Conclusion**

32.  The fact is, as set forth above and in the papers previously filed, USF wants to enforce its agreements to protect its confidential information – which is not simply pricing information but the strategic information I have previously described – and goodwill. We want to be clear that we are not trying to keep the Former Employee Defendants or Agar out of the marketplace. Rather, USF seeks to enforce its agreements to ensure fair competition in the marketplace.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief. Executed on this 18 day of February, 2004 in Boston, Massachusetts.

*David Bailey*
DAVID BAILEY

9. Mr. Gross again responded to Alliant in writing and explained that he thought he could sell to that customer because he had not sold to them for approximately seven months prior to the termination of his employment with Alliant. He explained that he now understood that he could not contact Chuckers Pier 13 and that he would continue to honor his agreement with Alliant. *See* letter from J. Gross to G. Burkhardt, dated (incorrectly) April 13, 2001, attached hereto as **Exhibit 4**.

10. Mr. Gross did eventually listen to our instructions, and Alliant did not contact us again regarding any further violations.

11. I understand that Mr. Gross claims that when he began work with USF he was told to list all of the customers he had served for Alliant and provide us with information about their distribution needs. That is not true. We typically obtain a list of accounts that new employees are not supposed to serve so that we could make sure they comply with their obligations. We did not request a list of Mr. Gross' former customers' distribution requirements and he did not provide any information about the accounts.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief. Executed on this __18__ day of February, 2004 in Philadelphia, Pennsylvania.

TOM McGETTIGAN

-3-

5.  I subsequently spoke with Mr. Gross several times over the course of the next month. During each conversation, he mentioned working for Agar and asked if I had given any thought to it. I again told him that I was not interested.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief. Executed on this __18__ day of February, 2004 in Boston, Massachusetts.

_____
CHRIS DALY

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief. Executed on this 18TH day of February, 2004 in Boston, Massachusetts.

_____
MICHAEL CONTARINO

**Competition with Agar**

7.  I also understand that Mr. Gross has stated that while he was at USF, I instructed him not engage in competition with Agar. That is absolutely not true. I never instructed Mr. Gross or any other Territory Manager under my supervision not to pursue business for which Agar was competing. We compete with Agar on a daily basis, and prior to the departures here have succeeded in keeping or obtaining business for which Agar was competing.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief. Executed on this ___19___ day of February, 2004 in Boston, Massachusetts.

_____
STEVEN CIFRINO