UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| U.S. FOODSERVICE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARTHUR TSEBETZIS, STEVEN POSIN, JOHN J. O'HARA, JEFFREY E. GROSS, and AGAR SUPPLY, INC., <br><br> Defendants. | Civil Action No. 1:03-cv-12603 <br> (Lindsay, J.) |

**JOINT STATEMENT**

**I.      Introduction**

Pursuant to Rule 16.1, and the Court's Notice of Scheduling Conference dated June 14, 2004, counsel for the parties conferred by telephone on July 19, July 22, August 3, and August 11, 2004 and by letter and telephone thereafter for the purposes of discussing the case and (1) preparing an agenda of matters to be discussed at the August 18, 2004 Scheduling Conference; (2) preparing a proposed pre-trial schedule that includes a plan for discovery; (3) considering settlement; and (4) considering whether the parties will consent to trial by a magistrate.  Accordingly, Plaintiff U.S. Foodservice, Inc. ("**USF**") and Defendants, Arthur Tsebetzis ("Tsebetzis"), Steven Posin ("Posin"), John J. O'Hara ("O'Hara"), Jeffrey E. Gross ("Gross") (collectively, the "**Individual Defendants**") and Agar Supply Co., Inc. ("Agar"), by and through their counsel, hereby

-2-

submit the following Joint Statement pursuant to the Court's Order dated June 14, 2004 and in compliance with Rule 16.1.

## II.     Summary of Parties' Positions

### A.     Summary of Plaintiff's Position

USF moved for injunctive relief against Defendants Arthur Tsebetzis, Steven Posin, Jeffrey Gross, and John O'Hara and Agar, a direct competitor of USF in the foodservice business, for their collective violations of and tortious interference with customer and employee non-solicitation and non-disclosure agreements.

On May 10, 2004, Magistrate Judge Alexander issued an Amended Report and Recommendation on Plaintiff's Motion for a Preliminary Injunction, which the Court adopted on June 4, 2004. Magistrate Judge Alexander held that the Individual Defendants' non-solicitation and non-disclosure agreements with USF (the "**Agreements**") were enforceable to protect USF's legitimate business interests, constituted a reasonable restriction of the Individual Defendants' activities in geographic and temporal scope, and were not otherwise injurious to the public. *See* Report at 10. Magistrate Judge Alexander rejected Defendants' argument that the Agreements were not supported by sufficient consideration or that USF lacked protectable goodwill due to USF's involvement in an alleged accounting scandal. *Id.* Magistrate Judge Alexander found evidence of violations of the Agreements, but held that the evidence of violations did not establish irreparable harm given the factual disputes between the parties. *Id.* at 15-16. Because USF's request of interim injunctive relief was denied, USF now seeks damages for Defendants' unlawful conduct.

-3-

USF (and its predecessors and affiliates) requires its Executives and Territory Managers to enter into agreements which provide, among other things, that for a period of one year after they leave the employ of USF, they will not directly or indirectly, contact, solicit or sell to specifically those customers or prospective customers that they served or learned confidential information about while employed by USF, and that they will not recruit or help recruit any employees of USF to work for a competitor. Further, the agreements proscribe the use, disclosure and possession of USF's confidential and proprietary information. The agreements do not prevent the Individual Defendants from working in the foodservice industry. Rather, they prohibit the Individual Defendants from soliciting or serving the business of certain customers and from disclosing or using USF's confidential information.

The Individual Defendants, who are now employed by Defendant Agar, have solicited and served USF customers and have recruited USF employees to Agar in violation of their Agreements. USF has proffered pre-discovery evidence of Defendants' violations. USF has a good faith belief that discovery will lead to further evidence of Defendants' violations. Indeed, the deposition testimony of certain defendants will be critical to establish Defendants' violations.

In addition to the contractual violations, Defendants Agar and Posin, who knew that Defendants Tsebetzis, O'Hara and Gross were bound by agreements that contained non-solicitation and confidentiality obligations, intentionally induced Tsebetzis, O'Hara and Gross to breach their non-solicitation and confidentiality agreements and/or knowingly accepted the benefits of their breaches, including customer orders and confidential information.

Based on these violations, USF seeks an award of compensatory damages, including disgorgement of monies Defendants unjustly received as a result of their violations, and, to the extent not duplicative, USF's lost profits, as well as such other and further relief as the Court may conclude is proper. On Count III, the monetary awards should be doubled and/or trebled pursuant to Mass. Gen. Laws c. 93A, § 11. Finally, USF is entitled to an award of attorneys' fees pursuant to an attorneys' fee provision in the Agreements and under Mass. Gen. Laws c. 93A, § 11.

As to the counterclaims, USF denies that it paid bonuses to anyone at USF in the manner Tsebetzis alleges, as the bonuses were not earned; denies that it is liable to either Tsebetzis or O'Hara; and notes that the Points of Focus award O'Hara seeks to recover in cash recites that it has no cash value and is inapplicable by its terms.

B.   **Summary of Defendants' Position**

Defendants deny all of Plaintiff's allegations and assert that Plaintiff filed this action in bad faith to take unfair advantage of a smaller competitor. Defendants maintain that between July 2002 and September 2003 each of the individual defendants independently resigned from USF, a publicly-held national company, and sought employment with Agar, a family-owned regional company. Defendants also maintain that Agar directed each of the individual defendants to honor the terms of his respective employment contract with USF and that all of the Defendants did. Posin's contract with USF expired on July 13, 2003. Tsebetzis's contract with USF expired on April 11, 2004. O'Hara's contract with USF expired on May 23, 2004 and Gross's contract with USF will expire on September 5, 2004. Defendants maintain that Posin only contacted USF customers after his contract with USF had expired and that none of the other individual

defendants solicited USF customers or employees in any material violation of their respective contracts with USF.  Plaintiff filed this action in December 2003, more than five months after Posin's contract with USF had expired, because USF had received notice that two of its customers had decided to begin doing business with Agar in 2004.

Defendants assert that the employment contracts are void, invalid and unenforceable because they are not required to protect a legitimate business interest, the individual defendants did not receive their bargained-for consideration and the customer goodwill at issue was developed by Tsebetzis and Posin prior to their employment by USF.  Defendants also assert that USF's fraudulent conduct, which forced it to publicly acknowledge intentional accounting irregularities of approximately $856 Million in overstated revenues in 2002, constituted a breach of USF's contracts with the individual defendants and was the cause of any damage done to whatever customer and other goodwill USF may have previously enjoyed.  The individual defendants further assert counterclaims against USF for failure to pay sums earned (Count I - Breach of Contract as to Tsebetzis and Count II - Violation of M.G.L. Ch. 149, s. 148 as to O'Hara).

### III.    Scheduling Conference Agenda

Plaintiff, U.S. Foodservice, Inc. and Defendants, by and through their counsel, hereby submit the following Agenda for the Scheduling Conference set for August 18, 2004 at 3:00 p.m. pursuant to the Court's Orders dated June 14, 2004:

1)  Determine the nature and complexity of this case, discuss proposed scope and sequence of discovery, and determine whether regular case management conferences should be scheduled.

2)  Establish a discovery and pre-trial schedule, including a final pre-trial conference date and trial date.

3)  Address the issue of possible trial before a Magistrate Judge or mediation.

  4)  In the event that the parties agree to a trial before the Magistrate Judge or to mediation, explore settlement options.

**IV. Proposed Pre-Trial Schedules**

The parties' counsel have been unable to agree upon pre-trial schedules.

  **A. Plaintiff's Proposed Pre-Trial Schedule**

Plaintiff asks that the following pre-trial schedule be implemented:

  1. Automatic disclosures to be completed by August 25, 2004;

  2. Initial document requests and interrogatories to be exchanged no later than September 15, 2004;

  3. Depositions of Arthur Tsebetzis and Steve Posin to be completed by October 31, 2004;[1]

  4. All motions to join parties or amend pleadings to be completed by November 15, 2004;

  5. Plaintiff to disclose experts by November 15, 2004 and serve reports by December 3, 2004;

  6. Defendants to disclose rebuttal experts and reports by December 31, 2004;

  7. All fact depositions to be completed by December 31, 2004; Plaintiffs do not presently contemplate that either side will need to take as many as 10 depositions.

  8. Fact Discovery to be completed by December 31, 2004;

  9. Expert reports updated (if necessary, solely in light of additional discovery not completed at date of report) by January 7, 2005;

  10. All expert depositions to be completed by January 21, 2005.

  11. Case to be scheduled for trial at earliest possible time after close of all discovery.

---

[1] Please note that the early scheduling of the depositions of certain Defendants, Tsebetzis and Posin, will streamline the discovery phase of this litigation.

Given Magistrate Judge Alexander's Amended Report and Recommendation on Plaintiff's Motion For a Preliminary Injunction dated May 10, 2004, Plaintiff believes that dispositive motions are not appropriate in this case because there are material factual disputes.

    **B.**    **Defendants' Proposed Pre-Trial Schedule**

1. Automatic disclosures to be completed by September 10, 2004;

2. Initial document requests and interrogatories to be exchanged no later than October 22, 2004;

3. All other written discovery and depositions shall be completed on or before April 1, 2005. Defendants wish to limit the number of depositions to 10 per side initially, and if additional depositions are sought, leave of Court or the other parties' assent be required.

4. All Motions to join other parties or amend the pleadings to be filed on or before December 31, 2004.

5. Experts must be disclosed on or before January 31, 2005. Rebuttal experts are to be disclosed by February 28, 2005.

6. Motions for Summary Judgment shall be filed on or before May 16, 2005.

7. The parties request that trial be scheduled within approximately 12 months after the initial scheduling conference.

**V.**    **Mediation**

The parties are all prepared to consider mediating the claims and believe that mediation may lead to a cost efficient resolution of this matter.

**VI.**    **Rule 16 Certificates**

The parties' Rule 16 Certificates are attached hereto.

**VII.**    **Trial By Magistrate**

Plaintiff will agree to a trial by the Magistrate Judge.

Defendants do not elect a trial by the Magistrate Judge.

-8-

**VIII.   Settlement Proposals**

        Written offers of settlement exchanged by the parties have been rejected.

Dated:  August 11, 2004

U.S. FOODSERVICE, INC.

By its attorneys,

/s/ Danielle M. White
Victoria A. Cundiff
Rebecca Kelder Myers
Danielle M. White
PAUL HASTINGS JANOFSKY & WALKER LLP
75 E. 55th Street
New York, New York 10022
(212) 318-6000

Anne L. Josephson
BBO# 265640
KOTIN, CRABTREE & STRONG, LLP
One Bowdoin Square
Boston, Massachusetts 02114
(617) 227-7031

AGAR SUPPLY CO., INC.

By its attorneys,

/s/ Susan Grandis Brander
Susan Grandis Brander
BBO # 206870
Richard E. Gentilli
BBO # 189080
BARTLETT HACKETT FEINBERG P.C.
10 High Street, Suite 920
Boston, MA 02110
617/422-0200

INDIVIDUAL DEFENDANTS

By their attorneys,

/s/ Jay Shepherd
Jay Shepherd
BBO # 567844
Lurleen Manning
BBO # 655109
SHEPHERD LAW GROUP, P.C.
99 Summer Street, Suite 910
Boston, MA 02110
(617) 439-4200